**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

**NOT FOR PUBLICATION**

| | |
|---|---|
| BORIS GALINSKY, | Civil Action No. 09-0060 (SDW)(MCA) |
| Plaintiff, | |
| v. | **OPINION** |
| BANK OF AMERICA CORPORATION, | April 28, 2009 |
| Defendant. | |

**WIGENTON**, District Judge

Before the Court is Bank of America Corporation's ("Defendant"): (1) Application for Removal, pursuant to 28 U.S.C. §§ 1441, 1446; (2) Motion to Vacate Default Judgment pursuant to Fed. R. Civ. P. 55(c); and (3) Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). The Motions are decided without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, this Court grants Defendant's application for Removal, Motion to Vacate Default Judgment, and Motion to Dismiss.

**I.     FACTS AND PROCEDURAL BACKGROUND**

This action results from Defendant's alleged denial of health care benefits to Boris Galinsky ("Plaintiff"). Defendant employed Plaintiff from February 2003 to April 28, 2008. Plaintiff enrolled in both Defendant's Benefits Plan[1] ("Benefits Plan") and the

---

[1] The Benefits Plan allows employees to contribute, on a pre-tax salary reduction basis, to their choice of various medical plans, i.e. health, dental, vision, etc. (Def.'s Mem. Supp. Mot. to Dismiss Ex. B at 1.)

Bank of America[2] Health Care Flexible Spending Plan[3] ("Spending Plan") (Def.'s Mem. Supp. Mot. to Dismiss Ex. B at Ex. A-1.)  In the 2008 Plan Year, Plaintiff contributed $1,266.64 to his Spending Plan Account.  Upon Plaintiff's termination, $790.64 remained in his Spending Plan Account.

Plaintiff was terminated on April 28, 2008.  In May 2008, Plaintiff unsuccessfully attempted to submit reimbursement claims.  (Pl.'s Opp. Mem. at 3.)  On or about November 17, 2008, Plaintiff telephoned Defendant's personnel hotline and inquired as to his unsuccessful attempt to submit a claim.  (*Id.*)  On or about November 25, 2008, Plaintiff was informed via telephone, email, and a note in his personnel file, that his request was denied because he could not submit claims for services performed after April 30, 2008.  (*Id.* at 4.)  Plaintiff did not file an appeal of the denial.

On December 4, 2008, Plaintiff filed suit in the Superior Court of New Jersey ("state court") to recover the $790.64 of unused contributions to his Spending Plan. Plaintiff served the "Bank of America Corp." in Charlotte, North Carolina.  (King Decl. at ¶ 2.)  However, Defendant's registered agent for service of process in the state of New Jersey is CT Corporation.  CT Corporation was never served.  On December 23, 2008, Default Judgment was entered against Defendant by the state court.

On January 7, 2009, Defendant filed an application to Remove this case to the United States District Court of New Jersey.  On January 29, 2009, Defendant filed a Motion to Vacate Default Judgment and a Motion to Dismiss, arguing that: (1) Plaintiff's state law claim is preempted by federal law; (2) suit was filed against the wrong party; (3)

---

[2] Bank of America Corporation and Bank of America Health Care Flexible Spending Plan are distinct legal entities.
[3] The Spending Plan allows employees to contribute, on a pre-tax basis, to a medical spending account, which allows employees to be reimbursed for out-of-pocket medical expenses.  (Def.'s Mem. Supp. Mot. to Dismiss Ex. B at 34.)

2

Plaintiff failed to exhaust administrative remedies pursuant to the Spending Plan; and (4) Plaintiff's unused portion of the Spending Plan was forfeited upon termination.

**II.     DISCUSSION**

    **A.     Removal**

Pursuant to 28 U.S.C. § 1441(a), "a state court action may be removed to federal court if it qualifies as a 'civil action . . . of which the district courts have original jurisdiction." Federal courts have original jurisdiction over federal question actions. 28 U.S.C. § 1331. In this case, the Employee Retirement Income Security Act ("ERISA") preempts Plaintiff's state law action because the Spending Plan is an employee benefit plan as defined by ERISA. *See* 29 U.S.C. §§ 1002, 1144(a). Therefore, Plaintiff's state law action, which relates to the Spending Plan, is an ERISA action. Because ERISA actions address federal questions, this Court has original jurisdiction over Plaintiff's action and Removal is appropriate.

    **B.     Motion to Vacate Default Judgment**

The Court "may set aside an entry of [D]efault [Judgment] for good cause." Fed. R. Civ. P. 55(c). Good cause depends on three factors: (1) "whether the plaintiff will be prejudiced if the default is lifted"; (2) "whether the defendant has a meritorious defense"; and (3) "whether the default was the result of the defendant's culpable misconduct." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). Here, Plaintiff will not be prejudiced if the Default Judgment entry is set aside. Defendant has a meritorious defense because Default Judgment was entered against Defendant as a result of Plaintiff's failure to properly serve Defendant. Accordingly, this Court vacates the Default Judgment against Defendant.

### C. <u>Motion to Dismiss</u>

In deciding a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). The "grounds of [the moving party's] entitle[ment] to relief require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (internal citations and quotations omitted). Additionally, a complaint must have "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (internal citations and quotations omitted).

Here, Plaintiff's action against Defendant must be dismissed because Defendant is not the proper party. "While a § [502] (a)(1)(B) claim may be properly asserted against an ERISA plan[,] it cannot be raised against an employer." *Bixler v. Cent. Pa. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1297 (3d Cir. 1993). Plaintiff filed suit against his employer, Bank of America Corporation. Pursuant to ERISA, the Bank of America Health Care Flexible Spending Plan is the appropriate party to file suit against. Consequently, Plaintiff's claim against Defendant is dismissed.

Additionally, Plaintiff should have exhausted administrative remedies before filing this action. When an employee benefit plan provides an appeals process to deal with a dispute, that appeals process must be exhausted before an action is commenced.

*Wolf v. Nat'l Shopmen Pension Fund*, 728 F.2d 182, 191 (3d Cir. 1984). A failure to exhaust will only be excused where "the claimant is threatened with irreparable harm, if resort to administrative remedies would be futile, or if the claimant has been denied meaningful access to the plan's administrative procedures." *Grumbine v. Teamsters Pension Trust Fund of Philadelphia & Vicinity,* 638 F. Supp. 1284, 1286 (E.D. Pa. 1986).

In this case, the Spending Plan required that Plaintiff file an appeal with the Committee prior to filing suit. (Def.'s Mem. Supp. Mot. to Dismiss Ex. B at 44.) Plaintiff did not seek an appeal and has not alleged any of the *Grumbine* exceptions. Therefore, Plaintiff's claim is dismissed for failing to exhaust administrative remedies pursuant to ERISA and the Spending Plan.

Plaintiff was not permitted to submit claims for expenses incurred after April 30, 2008. Under the Spending Plan, Plaintiff is entitled to make claims for reimbursement of expenses incurred during the Period of Coverage," which ended on April 30, 2008, the last day of the pay period in which Plaintiff was terminated. (Def.'s Mem. Supp. Mot. to Dismiss Ex. B at 46.). Consequently, any amount remaining in the Spending Plan Account was forfeited on March 31, 2009.

### III. CONCLUSION

For the reasons stated above, Defendants' application for Removal, Motion to Vacate Default Judgment, and Motion to Dismiss are hereby GRANTED.

**S/SUSAN D. WIGENTON, U.S.D.J.**

cc: Madeline Cox Arleo, U.S.M.J.